```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/29/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   :
FELIPE FERNANDEZ,                                                  :
                                                                   :
                                    Plaintiff,                     :    1:25-cv-1849-GHW
                                                                   :
                  -v-                                              :    MEMORANDUM
                                                                   :    OPINION & ORDER
SCANPAN USA, INC.,                                                 :
                                                                   :
                                    Defendant.                     :
                                                                   :
------------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

This is another case in which a serial litigant has sued the operator of a website because the website allegedly fails to comply with Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA").  Because the plaintiff's ADA claim suffers from the same fundamental defect as in *Sookul v. Fresh Clean Threads, Inc.*, 754 F.Supp.3d 395 (S.D.N.Y. 2024) ("*Sookul*"), the Court comes to the same conclusion as it did in *Sookul* and GRANTS Defendant's motion to dismiss.

I.   BACKGROUND

Like the allegations in *Sookul*, the facts presented in the complaint are relatively straightforward.  Plaintiff Felipe Fernandez alleges that he is visually impaired.  Dkt. No. 1 ("Comp.") at ¶ 2.[1]  He alleges that he was "injured when Plaintiff attempted multiple times . . . to access Defendant's Website from Plaintiff's home in an effort to shop for Defendant's products, but encountered barriers that denied the full and equal access to Defendant's online goods, content, and services." *Id.* ¶ 20.  According to Plaintiff, he particularly wanted to purchase a classic 9.5" stir fry pan. *Id.* ¶ 21.  He alleges that he found the defendant's offending website through a Google search.

---

[1] Mr. Fernandez, a serial litigant, has filed approximately 62 similar civil actions in the Southern District of New York in the last two years alone.

*Id.* ¶ 23.  Plaintiff alleges that the website is an "online store" that offers a wide range of cookware. *Id.*

Plaintiff alleges that Defendant failed "to build the Website in a manner that is compatible with screen access programs . . . ." *Id.* ¶ 25.  As a result, "Plaintiff was unable to understand and properly interact with the Website, and was thus denied the benefit of purchasing the Classic 9.5" Stir Fry Pan, that Plaintiff wished to acquire from the Website." *Id.*  Later in his complaint, Plaintiff enumerates the barriers that he allegedly confronted when he tried to buy a frying pan from the website, such as broken links.  *Id.* ¶¶ 44–49

Plaintiff sued Defendant under the ADA and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.* (the "NYCHRL"), seeking compensatory damages, punitive damages, a permanent injunction "requiring Defendant to take all the steps necessary to make the Website fully compliant with the requirements set forth in the ADA, and the implementing regulations," and attorney's fees.  Plaintiff purports to bring the action not only on his own behalf, but also on behalf of an undefined class.

Defendant moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(6).  Dkt. No. 20.  In its motion, Defendant argued that Plaintiff's ADA claim presented the same issue as in *Sookul*—its online website was not a place of public accommodation—and that the Court should dismiss the ADA claim for the same reasons as in *Sookul* and decline to exercise supplemental jurisdiction over the Plaintiff's NYCHRL claims.

Plaintiff filed an opposition to the motion.  Dkt. No. 21 ("Opp.").  In his opposition, Plaintiff acknowledged that this case was not substantively different from *Sookul* but argued that the Court need not follow its ruling in that case.  In support of that position, Plaintiff pointed to other district court decisions in this Circuit that have reached different conclusions than the Court in *Sookul.*  Plaintiff did not respond to Defendant's motion to dismiss his NYCHRL claims on the basis of a lack of supplemental jurisdiction should the Court dismiss his ADA claim.

II.     ANALYSIS

    A.     **Plaintiff's ADA Claim Is Not Viable**

The Court refers the reader to the legal standard articulated in Part II.B of the Court's opinion in *Sookul*, 754 F. Supp. 3d at 401.  That discussion and application of the law applies in equal force here.

Plaintiff fails to state a claim under the ADA for all of the reasons identified by the Court in in *Sookul*.  *See Sookul*, 754 F. Supp. 3d 404–415.  The Court incorporates that analysis by reference here.

There are no substantive differences between either the complaint or the briefing in this case and *Sookul* that would compel a different conclusion.  The Court was aware of the arguments presented by Plaintiff in its opposition when it wrote the opinion in *Sookul*.  And the Court was also aware that other courts in this district and the Eastern District of New York interpreted the requirements of the ADA differently.  Plaintiff's arguments do not shake the Court's conviction regarding the proper interpretation of the statute, as detailed in *Sookul*.

Plaintiff's argument that the Department of Justice's Guidance on Web Accessibility and the ADA, which is cited at footnote 3 of his complaint, supports his position remains unpersuasive.  First and foremost, that is because, as the Court's opinion in *Sookul* articulates, the statute is clear on its face.  Agency guidance does not change the meaning of the statute.  *See generally Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024).  Plaintiff's invocation of *Skidmore* deference is misplaced for many reasons.  Opp. at 8.  One is that the text upon which Plaintiff relies does not support his position.  The guidance states that "the Department has consistently taken the position that the ADA's requirements apply to all the goods, services, privileges, or activities *offered by public accommodations*, including those offered on the web." U.S. Dep't of Justice, *Guidance on Web Accessibility and the ADA* (March 18, 2022), https://www.ada.gov/resources/web-guidance/ (last visited September 27, 2025) (emphasis added).  The text says that websites that are *offered by* public

3

accommodations are subject to the ADA—not, as Plaintiff would have it, that any website is *per se* a public accommodation.

In sum, for the reasons stated in *Sookul*, Plaintiff's ADA claim is dismissed.

### B.   Supplemental Jurisdiction

Having dismissed Plaintiff's only federal claim, the Court declines to accept supplemental jurisdiction over his NYCHRL claim.[2] Supplemental jurisdiction is the only grounds upon which Plaintiff asserts the Court may maintain subject matter jurisdiction over that claim. Compl. at ¶ 8. When a district court has original jurisdiction over claims in a case, it "'shall have supplemental jurisdiction over all other claims that are so related to claims in the action . . . that they form part of the same case or controversy under Article III.'" *F5 Capital v. Pappas*, 856 F.3d 61, 77 (2d Cir. 2017) (quoting 28 U.S.C. § 1367(a)); *see United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966) ("Pendent jurisdiction . . . exists whenever there is a claim 'arising under (the) Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority,' and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'" (quoting U.S. Const. art. III, § 2)). Claims are "'part of the same case or controversy' if they 'derive from a common nucleus of operative fact.'" *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011) (quoting *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004)).

The decision to exercise supplemental jurisdiction over a state law claim is by nature discretionary. *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997). Where claims satisfy the "same case or controversy" test under 28 U.S.C. § 1367(a), however, "the discretion to decline supplemental jurisdiction is available *only if* founded upon an enumerated category of

---

[2] In its motion, Defendant expressly argued that the Court should not retain jurisdiction over Plaintiff's NYCHRL claim. Plaintiff did not contest that argument in his opposition. Therefore, Plaintiff concedes the argument. *See Curry Mgmt. Corp. v. JPMorgan Chase Bank, N.A.*, 643 F. Supp. 3d 421, 426 (S.D.N.Y. 2022) (explaining that "a party may be deemed to concede an argument by failing to address it in an opposition brief.").

4

subsection 1367(c)." *Shahriar*, 659 F.3d at 245 (quoting *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 448 (2d Cir. 1998)). Subsection 1367(c) permits a court to decline to exercise supplemental jurisdiction if:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Here, subsection (3) applies because the Court has dismissed all the claims over which it had original jurisdiction. Thus, the Court may exercise its discretion to decline supplemental jurisdiction over any remaining state law claims.

Even "where at least one of the subsection 1367(c) factors is applicable, a district court should not decline to exercise supplemental jurisdiction unless it also determines that doing so would not promote the values articulated in *Gibbs*: economy, convenience, fairness, and comity." *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 214 (2d Cir. 2004) (citation omitted). Both the Second Circuit and the Supreme Court have "held that when the federal claims are dismissed the 'state claims should be dismissed as well.'" *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 61 (2d Cir. 1998) (quoting *Gibbs*, 383 U.S. at 726). "Although this is not a mandatory rule, the Supreme Court has stated that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendant jurisdiction doctrine—judicial economy, convenience, fairness and comity—will point toward declining jurisdiction over the remaining state-law claims.'" *Id.* (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)); *see also First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 183 (2d Cir. 2004) ("'[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.'" (quotation omitted)). This is the usual case: The Court has evaluated the values set forth in *Gibbs* in the context of this case and has concluded that they support the Court's decision to decline supplemental jurisdiction.

5

### III. LEAVE TO AMEND

Plaintiff is denied further leave to amend the complaint to cure the deficiencies in his ADA claim because any further amendment would be futile. "While, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely given when justice so requires, it is within the sound discretion of the district court to grant or deny leave to amend for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 447 (2d Cir. 2019) (quotation marks and alterations omitted). Plaintiff's ADA claim is not viable; any amendment would be futile. The Court therefore declines to grant Plaintiff further leave to amend his ADA claim. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("[A] futile request to replead should be denied.").

### IV. CONCLUSION

This case is indistinguishable from *Sookul*. It should therefore come as no surprise that the Court comes to the exact same conclusion. Defendant's motion to dismiss is GRANTED. Plaintiff's ADA claim is dismissed with prejudice. Plaintiff's NYCHRL claim is dismissed without prejudice.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 20, to enter judgment for Defendant and to close this case.

SO ORDERED.

Dated: September 29, 2025  
New York, New York

GREGORY H. WOODS  
United States District Judge